UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 13 2013
Clerk, U.S. District and
Bankruptcy Courts

Xavier Flores,                )
                              )
    Plaintiff,            )
                              )
v.                            )   Civil Action No.  13-690
                              )
Metropolitan Police Department, )
                              )
    Defendant.            )
                              )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 mostly cryptic complaints within the first two weeks of March alone, sues the Metropolitan Police Department ("MPD") purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* He alleges only that "MPD arrived at the Guest House of G.U. and did not provide report as requested." Compl. at 1. Plaintiff seeks $1 million in damages. *Id.* at 2.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a

1

complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff does not allege that he has a disability and that defendant's actions were because of his disability. He therefore has stated no facts to support an ADA claim. In addition, "it is well settled that the MPD is non sui juris and, therefore, cannot sue or be sued." *Heenan v. Leo*, 525 F. Supp. 2d 110, 112 (D.D.C. 2007) (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: May 3, 2013